**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE:

| | |
|---|---|
| ADAM CHEYENNE NEW and | CASE NO. 13-60239 |
| ANGELA LYNN NEW | CHAPTER 7 |

DEBTORS

| | |
|---|---|
| MAXIE HIGGASON, TRUSTEE FOR | PLAINTIFF |
| ADAM CHEYENNE NEW and | |
| ANGELA LYNN NEW | |
| V. | ADV. NO. 13-06010 |
| RONALD EUGENE PORTER, ET AL. | DEFENDANTS |

**MEMORANDUM OPINION**

This matter arises from a Chapter 7 bankruptcy case filed by Debtors Adam and Angela New (the "Debtors" or "Debtor Defendants"). The Chapter 7 Trustee, Maxie Higgason, argues that his strong arm powers under 11 U.S.C. § 544(a) allow him to avoid that certain unrecorded Land Sale Contract dated January 11, 2008, by and between the Defendants Ronald and Susan Porter, as sellers (the "Sellers" or "Seller Defendants"), and the Debtors, as purchasers (the "Land Contract"). [AP Doc. 1] The Trustee asserts that the failure to record the Land Contract has the same effect as the failure to record a mortgage; *i.e.,* avoidance and preservation of the asset for the benefit of the estate. *Id.*

After consideration of the briefs, arguments of counsel, and the record, it is determined that there is no genuine issue of material fact and the Defendants are entitled to summary judgment as a matter of law. Consequently, the Trustee's cross-motion for summary judgment is denied.

## I.    PROCEDURAL HISTORY AND FACTS.

### A.  Procedural History.

The Chapter 7 Trustee filed his two-count Complaint against the Debtor Defendants and the Seller Defendants (collectively, the "Defendants") on April 4, 2013.  [AP Doc. 1]  Count One seeks to "void the mortgage security interest" that the Trustee claimed was created by the Land Contract because it is unrecorded.  [AP Doc. 1]; *see also* 11 U.S.C. § 544(a).  Count Two, which is contingent on the success of Count One, seeks to preserve any recovery for the benefit of the estate under 11 U.S.C. §§ 550-551.  [AP Doc. 1]

The Defendants filed their Answers to the Complaint, admitting most of the underlying factual allegations, but denying the legal conclusions asserted by the Trustee.  [AP Docs. 7 and 9]  All Defendants specifically denied the allegation in paragraph 4 of the Complaint "[t]hat Ronald Porter and Susan Porter by a contract of sale transferred and assigned all interest, liens and rights to the debtors, Adam New and Angela New on January 11, 2008 …."  [AP Docs. 7 and 9]

The Debtor Defendants filed their Motion for Summary Judgment on July 2, 2003.  [AP Doc. 14]  On July 10, 2013, the Trustee filed his Motion for Summary Judgment [AP Doc. 20], and on July 12 filed his Response and Brief in Support of Motion for Summary Judgment.  [AP Doc. 22]  The Seller Defendants filed their Motion for Summary Judgment on July 10, 2013.  [AP Doc. 21]  Following the Court's Order scheduling hearing on the cross-motions for summary judgment [AP Doc. 23], the Defendants filed Responses to the Trustee's Motion for Summary Judgment and Replies to the Trustee's prior Responses.  [AP Doc. 24 (Sellers) and Doc. 25 (Debtors)]  The Trustee filed his own Reply to the Defendants' Responses on August 5, 2013.  [AP Doc. 26]

The Trustee also filed a Trial Brief, [AP Doc. 28], although this was not required because the scheduling order was vacated. The Court treated the Trial Brief as part of the record for this Opinion.

Oral argument was held on the summary judgment motions on August 21, 2013, and the matter is now submitted for a decision.

### B. Facts

The parties are in agreement regarding the facts underlying this dispute, which centers on real property located at 165 Goad Lane, Burnside, Pulaski County, Kentucky 42519 (the "Property"). The Sellers acquired the Property on July 9, 2001, pursuant to that certain Deed of record in Deed Book 680, page 316 in the Pulaski County Clerk's Office (the "Deed").

The purchase price of the property in the Land Contract was $75,000.00 payable in monthly installments over twenty years at an interest rate of 7% per year. The Debtors received possession of the Property upon execution of the Land Contract and assumed responsibility for maintenance and upkeep, ad valorem taxes and insurance. The Sellers only promised to convey the Property by "general warranty deed, free and clear of all encumbrances upon completion of the [Land Contract] terms and conditions." [AP Doc. 1-1, ¶ 10]

The Debtors filed their voluntary Chapter 7 petition on February 20, 2013, and described the Property on their Schedule A as follows: "land contract dated 01-11-2008, 5.0384 acres located [*sic*] on Goad Lane Burnside Ky 42519." [Doc. 1] The Debtors valued the Property at $75,000.00, with a secured claim of $64,488.73. [Doc. 1] The Debtors claimed a § 522(d)(1) homestead exemption on their interest in the Property in the amount of $10,511.27 and stated their intention to retain the Property and reaffirm their obligation to the Sellers. [Doc. 1] The

Debtors were residing on the Property and current on their installment payments to the Sellers on the petition date.

At the § 341 meeting of creditors, the Debtors confirmed that a copy of the executed Land Contract was never filed of record in the Pulaski County Clerk's Office.[1]

## II. SUMMARY JUDGMENT IS APPROPRIATE WHERE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." *See* Fed. R. Bankr. P. 7056 (incorporating by reference Fed. R. Civ. P. 56). The movant bears the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir.2011).

The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists when there is sufficient "evidence on which the [factfinder] could reasonably find for the plaintiff." *Id.* at 252. "[W]here the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of

---

[1] The Land Contract is not in recordable form (*e.g.,* no attestation or prepared by certificate).

material fact and that party's entitlement to judgment as a matter of law." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).

There are no genuine issues of material fact that require a trial in this matter.

### III.    DISCUSSION

#### A.    The Land Contract Only Transferred an Equitable Interest in the Property.

The Trustee points out that the most common method for financing purchase of real property is a commercial note secured by a mortgage. [Doc. 26, p. 2] A land sale contract is sometimes used when owner-financing is required, usually because the buyer cannot qualify for conventional financing. The seller retains title to the property in a land sale contract, only transferring a deed of conveyance when the purchase price is fully paid through installment payments. The buyer takes possession of the Property and generally is responsible for all incidents of ownership (*e.g.,* taxes, insurance and maintenance).

Whatever the reason, the Sellers and Debtors negotiated the Land Contract to facilitate acquisition of the Property. The Land Contract is a typical agreement, requiring time payments and transfer of a deed only when the purchase price is fully paid. The Land Contract was not recorded, so any title search at the Pulaski County Clerk's Office would show the Sellers own the Property.

State law generally determines a debtor's interest in property. *See Butner v. U.S.*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979). The Supreme Court in *Butner* provided:

> Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. . . . Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Id.* (there is no federal interest to protect in these circumstances).

Kentucky law is clear regarding the rights of parties to an installment sale agreement like the Land Contract:

> When a typical installment land contract is used as the means of financing the purchase of property, legal title to the property remains in the seller until the buyer has paid the entire contract price or some agreed-upon portion thereof, at which time the seller tenders a deed to the buyer. However, equitable title passes to the buyer when the contract is entered. The seller holds nothing but the bare legal title, as security for the payment of the purchase price.

*Sebastian v. Floyd*, 585 S.W.2d 381, 382 (Ky. 1979) (citing *Henkenberns v. Hauck*, 314 Ky. 631, 236 S.W.2d 703 (1951)).  Accordingly, the Debtors obtained equitable title to the Property under the Land Contract; the Sellers retained legal title evidenced by the Deed.

### B.  Only the Debtors' Equitable Interest in the Property Became Part of the Estate.

Section 541(a)(1) of the Bankruptcy Code broadly defines property of the estate to include "all legal or equitable interest of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1); *see also Lyon v. Eiseman, et al. (In re Forbes)*, 372 B.R. 321, 331 (B.A.P. 6th Cir. 2007) (internal quotation marks omitted) (citing *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966)) (property of the estate includes "a variety of tangible or intangible property as well as future, non-possessory, or contingent interests and causes of action").  It is the equitable interest in the Property evidenced by the Land Contract that is property of the Debtors' bankruptcy estate.[2]  *See Kane v. Town of Harpswell* (*In re Kane*), 248 B.R. 216, 225 (B.A.P. 1st Cir. 2000) (under Maine law, a purchaser of real property pursuant to

---

[2] Any potential contract claims that might arise under the Land Contract, including the Debtors' right to sue for specific performance if the Sellers failed to convey legal title upon payment of the purchase price, also belong to the estate.

an installment sales contract has an equitable interest that becomes property of the bankruptcy estate).

The Trustee's arguments never make the distinction between the equitable and legal interests. *See, e.g.,* Trustee's Brief in Support of Motion for Summary Judgment [AP Doc. 22 at 2]; Trustee's Trial Brief [AP Doc. 28 at 6]. The Trustee instead seeks to treat the Land Contract as one interest, a mortgage, pursuant to language in *Sebastion* that "[t]here is no practical distinction between the land sale contract and a purchase money mortgage … ." *Sebastian*, 585 S.W.2d at 383. If the Land Contract is a mortgage, the Trustee argues, the Sellers must record the agreement or it is an avoidable security instrument subject to the Trustee's § 544(a) strong arm powers.

But *Sebastian* does not stand for the broad proposition that purchasing real estate via a land sale contract is equivalent in all respects to a sale via purchase-money mortgage. *Sebastion* instead created a remedy that avoids enforcement of the forfeiture clause in a land sale contract because it is deemed an overly severe punishment after a buyer default. That does not mean the Land Contract is a mortgage or that recording is required.

C.  **Failure to Record the Land Contract Does Not Impact the Sellers' Security Interest in the Property.**

The Trustee's contention that the Sellers' security interest is unrecorded is wrong. The Sellers' legal interest is treated as a lien. *Sebastion*, 585 S.W.2d at 383. The Land Contract "in effect creates a vendor's lien in the property to secure the unpaid balance owed under the contract." *Id.* (quoting *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641, 648 (1973)); *see also In re Love*, 38 B.R. 771, 776 (Bankr. Mass. 1983) (under Pennsylvania law, which also treats a land sale contract as a mortgage, the seller's interest is a security interest for purposes of

7

the Bankruptcy Code). Therefore, the evidence of the Sellers' legal/security interest in the property is the Deed, which is properly recorded in the Pulaski County Clerk's Office. *See supra* at Section I.B.

The Trustee as hypothetical lien holder (or other § 544(a) party) is subject to notice of any properly recorded instrument. *See* KRS § 382.270; *see also Select Portfolio Servs., Inc., et al. v. Burden (In re Trujillo)*, 378 B.R. 526, 531 (6th Cir. B.A.P. 2007); *Fuqua v. U.S.*, 869 F.Supp.2d 814, 821 (W.D. Ky. 2012). Any party searching the Pulaski County Clerk's records would discover the Deed and have notice of the Sellers' claim to the Property, thus defeating the Trustee asserting his strong arm powers. The Defendants point to a Tennessee case that reached the same conclusion, which the Trustee could not distinguish. *See Waldschmidt v. Johnson (In re Johnson)*, 9 B.R. 14 (Bankr. M.D. Tenn. 1981).

In *Johnson*, the bankruptcy court considered a trustee's § 544(a) challenge to a Seller's rights under an unrecorded installment land sale contract. The *Johnson* court, relying on *Hardeman County Savings Bank v. Kennedy (In re Climer)*, 10 B.R. 872 (W.D. Tenn. 1977) (unreported at the time of the *Johnson* decision), held "that in Tennessee the rights of a seller under an unrecorded installment land sale contract are superior to those of the buyer's trustee in bankruptcy." *Johnson*, 9 B.R. at 16. Although *Johnson* and *Kennedy* were decided under Tennessee law, the principles underlying those decisions are consistent with Kentucky practice and support denial of the Trustee's attempt to avoid the effect of the Land Contract.

The concept is further explained by review of the purpose of Section 544(a). Section 544(a) "is one of several avoidance statutes and is commonly referred to as the 'strong arm' clause. . . . Its purpose is to cut off secret and undisclosed claims against the debtor's property as of the beginning of the bankruptcy case." *Consolidated Partners Investment Co. v. Lake, et al.*

*(In re Consolidated)*, 152 B.R. 485, 489 (Bankr. N.D. Ohio 1993).  The "secret and undisclosed claims" here are held by the Debtors and would affect parties pursuing the Sellers' interest in the Property, not the Debtors

This is not to say the failure to record is not without consequence to the Debtors.  A non-consensual lien filed against the Sellers property could cause a title dispute between the lien holder and the Debtors.  Thus, lack of recording might affect a trustee's effort to secure and sell a debtor's equitable interest, suggesting recording might benefit the estate if there was equity available.  There is nothing for the Trustee to protect, however, as the Debtors have exempted any equity in the Property.

### III.     CONCLUSION

The Land Contract gives the Debtors an equitable interest in the Property, but the Sellers retained a legal interest.  The legal interest is treated as a security interest under Kentucky law, which is evidenced by the properly recorded Deed.  The § 544 strong arm powers do not give the Trustee any right to avoid the Sellers' legal/security interest, which was never part of the Debtors' property and never became property of the estate.

For the foregoing reasons, the motions for summary judgment filed by both the Debtor Defendants [AP Doc. 14] and the Seller Defendants [AP Doc. 21] are GRANTED. The Trustee's cross-motion for summary judgment [AP Doc. 20] is DENIED. A separate order will follow.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Friday, August 30, 2013
(grs)**